United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE B. PHILLIPS and DOROTHY J. PHILLIPS | § | |
| | § | CIVIL ACTION H-15-2706 |
| *Debtors,* | § | |
| | § | |
| JOE B. PHILLIPS and DOROTHY J. PHILLIPS | § | |
| | § | BANKRUPTCY CASE NO. 09-37654 |
| *Appellants,* | § | |
| | § | |
| v. | § | |
| | § | |
| RODNEY TOW, CHAPTER 7 TRUSTEE, | § | |
| | § | |
| *Appellee.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) an appeal from an order in the bankruptcy proceedings styled *In re Joe B. Phillips and Dorothy J. Phillips*, bankruptcy case number 09-37654, and (2) a motion dismiss the appeal filed by Rodney Tow, Chapter 7 Bankruptcy Trustee for the Estate of Joe B. Phillips and Dorothy J. Phillips ("Trustee"). Dkts. 1, 7. Having considered the motion, response, the parties' appellate briefs, record evidence, and applicable law, the court is of the opinion that this case should be REMANDED for further findings of fact and conclusions of law consistent with this Memorandum Opinion and Order. Trustee's motion to dismiss is DENIED without prejudice to refiling.

### I. BACKGROUND

In October of 2009, Joe B. Phillips and Dorothy J. Phillips ("the Phillips") filed for bankruptcy under chapter 13 of the Bankruptcy Code. Dkt. 11 at 1. The case was later converted to a chapter 7 case, and Rodney Tow was appointed chapter 7 Trustee of the bankruptcy estate. *Id.*

In December of 2012, Trustee employed Ashby LLP as special counsel to provide legal services for the bankruptcy estate.  *Id*.  The bankruptcy court issued an order authorizing the employment of Ashby LLP over the Phillips's objection.  Bankr. Dkt. 194.

On July 21, 2015, Ashby LLP filed its First Interim Application for Compensation and Reimbursement of Expenses ("Fee Application") seeking payment in the amount of $44,015.00 for services that it provided as special counsel for Trustee.  Bankr. Dkt. 276 at 2.  Joe Phillips subsequently filed an objection to Ashby LLP's Fee Application, which was stamped by the Clerk of Court on August 14, 2015.  Bankr. Dkt. 278 at 1.  Joe and Dorothy Phillips also filed a joint objection to Ashby LLP's Fee Application, which the Clerk of Court stamped on August 24, 2015.  Bankr. Dkt. 279 at 1.  On August 25, 2015, the bankruptcy court issued two orders.  Bankr. Dkts. 280, 281.  The first order struck the Phillips's objections (Dkts. 278, 279) as untimely, finding that the objections were filed more than 21 days after Ashby LLP filed its Fee Application.  Bankr. Dkt. 280.  In the second order, the bankruptcy court set a hearing on Ashby LLP's Fee Application for August 28 and held that the Phillips "[would] not be allowed to participate because their objection has been stricken."  Bankr. Dkt. 281 at 1.  Accordingly, the Phillips did not participate at the hearing.  On August 28, 2015, the bankruptcy court issued an order approving Ashby LLP's Fee Application.  Bankr. Dkt. 282.  The Phillips subsequently filed their notice of appeal of the bankruptcy court's order approving the Fee Application,[1] which was stamped by the Clerk of the Court on September 15, 2015.  Bankr. Dkt. 286 at 1.  The Phillips contend that they were in prison during all times relevant to this appeal.  Dkt. 16 at 4.  Joe Phillips was an inmate in a Bureau of

---

[1]The Phillips have not filed a notice of appeal of either the bankruptcy court's order striking their objections to the Fee Application (Bankr. Dkt. 280) or the order that excluded the Phillips from participating in the August 28 hearing (Bankr. Dkt. 281).

Prison Camp ("BOP Camp") in Bastrop Texas, and Dorothy Phillips was an inmate in a BOP Camp in Bryan, Texas.  *Id*.

On November 9, 2015, Trustee filed a motion to dismiss the Phillips's appeal.  Dkt. 7.  The Phillips filed their original brief (Dkt. 8) on November 16, their response to Trustee's motion to dismiss (Dkt. 10) on November 23, and a second response to the motion to dismiss (Dkt. 12) on December 7.  On December 12, 2015, Trustee filed his appellee brief (Dkt. 13), to which the Phillips filed a reply brief on March 15, 2016 (Dkt. 16).

## II. LEGAL STANDARDS

### A.    Standard of Review

A district court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity.  *See Perry v. Dearing*, 345 F.3d 303, 308–09 (5th Cir. 2003).  This court reviews a bankruptcy court's determination of attorneys' fees for abuse of discretion.  *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994).  This "abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035 (1996)).  Consistent with this review, this court reviews a bankruptcy court's conclusions of law *de novo*.  *In re Tex. Sec., Inc.*, 218 F.3d 443, 445 (5th Cir. 2000).  A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on findings of fact that are clearly erroneous.  *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).

**B.      Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007).  In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### III. ANALYSIS

Trustee argues that the Phillips's appeal should be dismissed because (1) the Phillips did not timely file their notice of appeal; (2) they failed to timely file their objection to the Fee Application and therefore waived their ability to raise any potential error on appeal; and (3) they do not have standing to object to the Fee Application. Dkt. 7 at 2; Dkt. 11 at 5.  As more fully explained below, the court rejects Trustee's first argument and finds that the Phillips timely filed their notice of appeal.  However, this court is unable to adequately address Trustee's remaining arguments for dismissal.  The bankruptcy court struck the Phillips's objections as untimely and excluded them from

4

participating in the Fee Application hearing. Bankr. Dkts. 280, 281.  However, the bankruptcy court did not consider whether the objections were timely filed under the "prison mailbox rule." Additionally, Trustee did not challenge the Phillips's standing in bankruptcy court.  Because the bankruptcy court has not made certain findings of fact and conclusions of law relevant to the issues presented in this appeal, this court refrains from ruling on whether Trustee's remaining arguments for dismissal have merit.  It is well established in the Fifth Circuit that, in a bankruptcy appeal, a district court cannot consider issues that were not initially presented to the bankruptcy court.  *Ferrell v. Countryman*, 398 B.R. 857, 863 (E.D. Tex. 2009) (citing *Barron v. Countryman*, 432 F.3d 590, 594 n. 2 (5th Cir. 2005);  *Ginther v. Ginther Trusts (In re Ginther)*, 238 F.3d 686, 689 (5th Cir. 2001);  *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993); *Gilchrist v. Westcott (In re Gilchrist)*, 891 F.2d 559, 561 (5th Cir. 1990);  *Moody v. Empire Life Ins. Co. (In re Moody)*, 849 F.2d 902, 905 (5th Cir. 1988)).  Therefore, the court REMANDS for further findings on these issues in accordance with the following analysis.

## A.     The Phillips Timely Filed their Notice of Appeal

Trustee contends that the Phillips failed to timely file their notice of appeal under the Federal Bankruptcy Rules of Procedure.  Dkt. 7 at 2.  The Phillips contend that when a *pro se* prisoner deposits his notice of appeal with prison authorities, addressed to the clerk of court with postage prepared, it is deemed filed at that moment for purposes of Federal Rule of Appellate Procedure 4(a) and Bankruptcy Rule 8002(a). Dkt. 16 at 5–6. The Phillips cite to the U.S. Supreme Court's holding in *Houston v. Lack*, 487 U.S. 266, 268, 108 S. Ct. 2379 (1988).  In *Houston*, the U.S. Supreme Court held that a *pro se* prisoner filed his notice of appeal within the requisite 30-day period under Federal Rule of Appellate Procedure 4(a)(1) when, three days before the deadline, he delivered the notice

to prison authorities for forwarding to the district court, even though the court received the notice one day after the expiration of the 30-day filing period. *Houston*, 487 U.S. at 271 (noting that "[u]nlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice"). Courts have extended the *Houston* decision to apply to bankruptcy appeals. *See In re Flanagan*, 999 F.2d 753, 759 (3d Cir. 1993) (holding that when a *pro se* prisoner deposits his notice of appeal with prison authorities, addressed to the clerk of court with postage prepaid, it is deemed filed at that moment for purposes of Bankruptcy Rule 8002(a)); *In re Taylor*, No. BAP EC-11-1341-MKPAD, 2012 WL 1138472, at *2 n.4 (B.A.P. 9th Cir. Apr. 5, 2012) (implicitly adopting the "prison mailbox rule" to bankruptcy appeals).

Moreover, the prison mailbox rule's application to bankruptcy appeals appears to have been codified under the 2014 revisions to Bankruptcy Rule 8002. Fed. R. Bankr. P. 8002 advisory committee's note (2014) (noting that "[s]ubdivision (c) mirrors the provisions of F.R.App.P. 4(c)(1) and (2), which specify timing rules for a notice of appeal filed by an inmate confined in an institution"). Bankruptcy Rule 8002(a) now provides that "[e]xcept as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). Rule 8002(c) states "[i]f an inmate confined in an institution files a notice of appeal from a judgment, order, or decree of a bankruptcy court, the notice is timely if it deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Bankr. P. 8002(c).

The Bankruptcy Court issued the order approving Ashby LLP's Fee Application on August 28, 2015. Bankr. Dkt. 282. Therefore, the deadline for filing the appeal was September 11, 2015.

The Phillips assert that on September 11, 2015, they "file[d] the Notice Of Appeal with the proper officials of each unit of the U.S. Prison System in Bastrop and Bryan Texas" and that "[s]aid officials did further certify said filing with the allocated time provided by the policies and provisions of both the Federal Bureau of Prisons and U.S. Federal Law." Dkt. 10 at 1–2. They argue that "[d]ocuments and filings from a Federal Inmate that are posted and officially received by the appropriate prison staff, and are furthermore stamped as such are determined to have been posted and received by the court on the same date." *Id*. at 2. Trustee does not appear to dispute the Phillips's assertion that they delivered their notices of appeal to the proper prison authorities on or before September 11, 2015. Moreover, the Phillips have filed a notarized certificate of service that certifies that the notice of appeal was placed in the mail in a postage paid wrapper prior to 5:00 pm on September 11, 2015. Dkt. 10 at 10. Therefore, the court finds that the Phillips timely filed their notice of appeal in accordance with Rule 8002.

**B.    Whether the Phillips Timely Filed Their Objections to the Fee Application**

Trustee also claims that the appeal must be dismissed because the Phillips failed to timely object to Ashby LLP's Fee Application. Dkt. 7 at 2. Trustee asserts that the Phillips's failure to timely object waived their ability to raise any potential error on appeal. *Id*. (citing *Trs. of Sabine Area Carpenter's Health & Welfare Fund v. Don Lightfoot Home Builder, Inc.*, 704 F.2d 822, 828 (5th Cir. 1983) ("Normally, a party who fails to object to trial court errors waives the right to complain of them on appeal.")).

On August 25, 2015, the bankruptcy court issued two *sua sponte* orders (1) striking the Phillips's objections to the Fee Application, (2) setting a hearing on Ashby LLP's Fee Application for August 28, and (3) prohibiting the Phillips from participating in that hearing. Bankr. Dkts. 280,

281.  If, in fact, the Phillips timely objected to the Fee Application, then they did not waive their right to raise potential errors on appeal.  Moreover, if the objections were timely filed and the Phillips had standing to object (discussed below), then it appears that the Phillips should have been allowed to participate in the Fee Application hearing.

The order striking the Phillips's objections as untimely states that they failed to comply with the "applicable Bankruptcy Local Rule."  Bankr. Dkt. 280.  Although the order does not cite to a specific rule, the applicable rule appears to be Bankruptcy Local Rule 2016-19(c), entitled "Professional Fees," which provides that objections to a fee application must be made within 21 days of the filing of the application.  B.L.R. 2016-19(c).  Ashby LLP filed its Fee Application on July 21, 2015.  Bankr. Dkt. 276.  Under Rule 2016-19(c), the deadline to object was August 11, 2015.  Although the Phillips's objections (Bankr. Dkts. 278, 279) were not stamped by the Clerk of Court until August 14 and August 24 (respectively), they claim that they timely filed their objections with the proper prison officials at their respective BOP Camps on or before the August 11 deadline.[2]  Dkt. 16. at 4.  The bankruptcy court does not appear to have applied the prison mailbox rule in considering whether the objections were timely.  *See* Bankr. Dkt. 280 (finding that the Phillips filed their objection to the Fee Application on August 17, 2015, the date on which the first objection was docketed).  Moreover, because the Phillips were not allowed to participate in the hearing on the Fee Application, the Phillips were unable to present any evidence or arguments in support of their objections.

As mentioned above, courts have extended the prison mailbox rule to notices of appeal of bankruptcy court orders under Bankruptcy Rule 8002(a).  Although the Phillips have not cited to any

---

[2]Both objections certify that they were filed and served on August 10, 2015.  Bankr. Dkt. 278 at 10;  Bankr. Dkt. 279 at 10.

cases that have held that the prison mailbox rule applies to this specific situation (i.e., the filing of *objections* to a bankruptcy court order), the Fifth Circuit has applied the prison mailbox rule in several different contexts.[3]  *Myers v. Swindle*, 454 F. App'x 322, 323 (5th Cir. 2011) (applying the prison mailbox rule to the filing of § 1983 complaints and remanding the case for "further factual development regarding whether the filing was . . . a timely filing"); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding § 2254 applications deemed filed on date the inmate tenders petition to prison officials for mailing).  Perhaps most analogous to the case at hand, the Fifth Circuit has held that the prison mailbox rule applies to the filing of *objections* to a magistrate judge's report and recommendation.  *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (per curiam) (holding that "for purposes of F.R.C.P. 72(b), a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court"); *see also Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (applying the holding in *Thompson* and remanding the case to the district court to determine whether the *pro se* prisoner's written objections to the magistrate's report and recommendation were timely filed under the prison mailbox rule).  In deciding to extend the prison mailbox rule, the court reasoned that "pro se prisoners filing written objections to a magistrate judge's report and recommendation . . . are subject to the same conditions and limitations of confinement as a prisoner filing a notice of appeal. . . . There is thus no reasonable basis upon which to distinguish the ruling in *Houston* from the facts of this case."  *Thompson*, 993 F.2d at 515.

---

[3]Moreover, other courts have extended the prison mailbox rule to contexts outside notices of appeal.  *See Ortiz v. Cornetta*, 867 F.2d 146, 148–49 (2d Cir. 1989) (extending the mailbox rule to the filing of complaints for statute of limitation purposes); *Smith v. Evans*, 853 F.2d 155 (3rd Cir. 1988) (finding the reasoning in *Houston* to be indistinguishable in the context of Rule 59(e)); *Moskovits v. Drug Enforcement Admin.*, 774 F. Supp. 649, 653 (D.D.C. 1991) (extending the mailbox rule to the filing of an affidavit with the Drug Enforcement Administration for forfeiture purposes).

9

Likewise, *pro se* prisoners filing written objections to bankruptcy court orders are subject to the same conditions and limitations of confinement as a prisoner filing a notice of appeal. Therefore, based on *Thompson*'s reasoning, a *pro se* prisoner's written objection to a bankruptcy court order must be deemed filed and served at the moment it is forwarded to prison officials for delivery to the district court. Accordingly, on remand, the bankruptcy court is instructed to determine whether the Phillips's objections were timely filed under the prison mailbox rule.[4]

## C.     Whether the Phillips Have Standing to Object to the Fee Application

Trustee argues that the Phillips do not have standing to object to the fee application because the Phillips do not have an interest in the estate. Dkt. 7 at 3. This argument was not presented to the bankruptcy court. However, "[t]he question of standing is not subject to waiver[.]" *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431 (1995). Moreover, because it derives from the "case or controversy" requirement of Article III of the Constitution, the lack of standing issue may be raised at any time by any party or by the court *sua sponte*. *Johnson v. City of Dall., Tex.*, 61 F.3d 442, 443–44 (5th Cir. 1995) (finding that although the standing issue was "raised for the first time on appeal, standing is jurisdictional, and may be raised at any time"). The Supreme Court has held:

> Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it. And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.

---

[4]If, of course, the bankruptcy court finds that the Phillips lack standing to object to the Fee Application, it need not determine whether the objections were timely.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S. Ct. 1003 (1998) (citations and brackets omitted).  Therefore, whether the Phillips have standing to object to the Fee Application is a threshold issue that must be resolved.

Debtors that do not have an interest in the bankruptcy estate do not have standing to object to fee applications.  *See Matter of Zeda*, 169 B.R. 605, 607 (Bankr. E.D. La. 1994) (finding that the debtors did not have an interest in the estate and therefore lacked standing to oppose any fee applications);  *Matter of Stable Mews Assocs.*, 49 B.R. 395, 397 (Bankr. S.D.N.Y. 1985) (finding that the debtor did not have standing to oppose a fee application because the debtor was "truly disinterested in the amount awarded");  *In re George*, 23 B.R. 686, 686 (Bankr. S.D. Fla. 1982) (finding that where creditors' claims exceeded the amount available for distribution, debtors had no interest in the estate and therefore lacked standing to oppose any attorney fee applications).  The Fourth and Eighth Circuits state the general rule as follows:

> Thus, since the bankrupt is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest.  However, when it appears that, if the contested claims are disallowed, there may be a surplus of assets to be returned to the bankrupt, the bankrupt is considered to have standing to contest the claims.

*Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985) (citations omitted) (quoting *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706–707 (8th Cir. 1979)).

The Phillips contend that they have standing to object because the bankruptcy estate is solvent. Dkt. 16 at 7.   Because Trustee did not challenge the Phillips's standing in bankruptcy court, the record evidence is inadequate for this court to decide whether the bankruptcy estate was insolvent.  An inquiry into the estate's solvency would require this court to make findings as to the

amount of allowed claims against the estate and the amount of assets owned by the estate. The bankruptcy court is better situated to make such findings.

**D.      Hearing on the Fee Application**

If the bankruptcy court finds that (i) the Phillips timely objected to Ashby LLP's Fee Application under the prison mailbox rule and (ii) the Phillips have standing to object to the Fee Application, then the bankruptcy court shall conduct a hearing on Ashby LLP's Fee Application and allow the Phillips to participate in such hearing.[5]

## IV. CONCLUSION

Accordingly, this case is REMANDED to the bankruptcy court for further findings of fact and conclusions of law consistent with this Memorandum Opinion and Order. Trustee's motion to dismiss is DENIED without prejudice to refiling.

Signed at Houston, Texas on June 15, 2016.

Gray H. Miller
United States District Judge

---

[5]Conversely, if the bankruptcy court finds that the Phillips lack standing or that their objections were untimely, then the court need not hold a hearing.

12